**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

```
PPV ENTERTAINMENT, LLC.

     Plaintiff,                    Civil No. 14-1675 (PG)

     v.

DWIGHT RODRIGUEZ ALMODOVAR d/b/a
PANCHO VILLA CASA DE TEQUILAS

     Defendant.
```

**OPINION AND ORDER**

Before the Court is Dwight Rodriguez Almodovar's Amended Motion to Dismiss (Docket No. 10). For the reasons stated herein, we **DENY** the request.

**I.**
**Factual Background**

Plaintiff PPV Entertainment, LLC. ("PPVE") brought suit on September 7, 2014, against Dwight Rodriguez Almodovar ("Rodriguez"), doing business as Pancho Villa Casa de Tequilas ("Pancho Villa"). See Docket No. 1. On January 7, 2015, Rodriguez filed the Amended Motion to Dismiss that is now before the Court. See Docket No. 10. PPVE's Opposition was filed on January 23, 2015. See Docket No. 12.

**II.**
**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. U.S., 734 F.3d 100, 102 (1st Cir.2013) (quoting Fed.R.Civ.P. 8(a)(2)). When ruling on a motion to dismiss for failure to state a claim, a district court must "ask whether the complaint states a claim to relief that is plausible on its face, accepting the plaintiff's factual allegations and drawing all reasonable inferences in the plaintiff's favor." Cooper v. Charter

Communications Entertainments I, LLC, 760 F.3d 103, (1st Cir. 2014). Additionally, courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." A.G. ex rel. Maddox v. v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir.2013) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir.2011)).

"To cross the plausibility threshold [sic], the plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cooper, 760 F.3d at 106. See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, … , on the assumption that all the allegations in the complaint are true (even if doubtful in fact) … ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).

## III.
## Discussion

Rodriguez's grounds for dismissal are straightforward. He claims that Pancho Villa is an independent corporate entity on which he holds no proprietary interest. Hence, Rodriguez posits, the Complaint adduces no plausible cause of action against him because all the allegations refer to PPVE. See Docket No. 10 at page 2. PPVE responds that dismissal is not warranted insofar as Rodriguez is liable for a series of violations as PPVE's manager. See Docket No. 12.

We look to the allegations of the Complaint to determine whether it surpasses the plausibility threshold as to Rodriguez.

The Complaint alleges that Rodriguez illegally intercepted and then transmitted the boxing fight between Saul "Canelo" Alvarez and Alfredo Angulo held on March 8, 2014. See Docket No. 1. According to PPVE, Rodriguez allowed the patrons of Pancho Villa to watch the fight without paying the commercial license. Id.

We read the Complaint to allege that Rodriguez, not Pancho Villa, is responsible for the violations to 47 U.S.C. §553(a)(1) in his personal capacity. For starters, plaintiff specifically described the

defendant as follows: "Dwight Rodriguez Almodovar, is a natural person who, upon information and belief, is the owner, partner, manager, agent or employee of the business known as 'Pancho Villa Casa de Tequilas…'." See Docket No. 1 at paragraph 5.

Moreover, the Complaint avers that the defendant "transmitted, divulged and broadcasted said communication, or assisted in transmitting, divulging and broadcasting said communication, to patrons *in his establishment*." See Docket No. 1 at ¶15 (emphasis added).

Again in paragraph 18 of the Complaint, plaintiff states: "[t]he defendant enabled the patrons within *his establishment* to view the event, to which neither the defendant nor the patrons of *his establishment* were entitled to." Id. at ¶18 (emphasis added).

This language points to Rodriguez as the sole defendant. The case's caption, however, is misleading, as it indicates that defendant Rodriguez "does business as" Pancho Villa. The "doing business as" designation simply means that the "business may be licensed or incorporated under a different name." Black's Law Dictionary (9th ed. 2009). "Doing business under another name does not create an entity [separate] from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations." Duval v. Midwest Auto City, Inc., 425 F.Supp. 1381 (D. Nebraska 1977), aff'd, 578 F.2d 721 (8th Cir. 1978).

Rodriguez denies that he has a proprietary interest in Pancho Villa, yet that fact, even if true, is immaterial to the cause of action. The statute under which plaintiff brought suit provides, in relevant part:

> No person shall intercept or receive or assist in intercepting or receiving any communication service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

See 47 U.S.C. § 553(a)(1).

Hence, Rodriguez may be sued in his personal capacity for intercepting or receiving the communication without PPVE's authorization or assisting in such endeavor. The Complaint sufficiently alleged that Rodriguez incurred in violations to 47 U.S.C. § 553(a)(1). The Motion to Dismiss as to Rodriguez is thus **DENIED**.

### IV.

### Conclusion

In light of the above, the Court DENIES defendant's Amended Motion to Dismiss.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 8, 2015.

**S/ JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**